```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      NORTHERN DIVISION
```

JOHN WESLEY MILLER,            )
                               )
          Plaintiff,           )
                               )
     v.                        )     No. 2:10 CV 78 DDN
                               )
THE MONTGOMERY COUNTY R-II     )
SCHOOL DISTRICT, BOARD OF      )
EDUCATION, et al.,             )
                               )
          Defendants.          )

## **MEMORANDUM**

This action is before the court on the motions of defendants Montgomery County R-II School District, Board of Education, and others, to dismiss (Doc. 4). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 7.) Oral arguments were heard on March 9, 2011.

## **I.  BACKGROUND**

On November 18, 2010, plaintiff John Wesley Miller filed suit against defendant Montgomery County R-II School District Board of Education; Thomas Ward, superintendent of the School District; Madonna Pund, principal of the School District; and School District board members Maria Stille, Lloyd Sachs, Candi Reagan, Heath Sellenriek, John Woods, Robert Hans, and Laurie Sippel. (Doc. 1.)

Plaintiff alleges the following facts in his complaint:

Plaintiff is a father whose children attend or attended public school in the School District. (Id. at ¶ 18.) On November 20, 2008, plaintiff met with School District superintendent Thomas Ward, principal Madonna Pund, and assistant principal Chris Parker in Ms. Pund's office to discuss certain educational and disciplinary matters. (Id. at ¶¶ 8-9.) Before the meeting, principal Pund conspired with superintendent Ward to unlawfully attempt to injure plaintiff. (Id. at ¶ 17.) During the meeting, superintendent Ward unlawfully offered and attempted to injure plaintiff. (Id. at ¶¶ 10-12.) Plaintiff was afraid, and pleaded

with Ward to stay away from him.  (Id. at ¶¶ 13-14.)  Despite plaintiff's pleas and assistant principal Parker's attempts to stop him, Ward wilfully touched plaintiff's person.  (Doc. 1 at ¶ 15.)

After the meeting, the School District sent plaintiff a letter stating that he could no longer enter School District property.  (Id. at ¶¶ 18, 21.)  Plaintiff attempted to use administrative remedies in opposing the School District's decision, but his efforts were thwarted by the School District.  (Id. at ¶ 24.)  Plaintiff was denied a hearing, despite the School District's Policy § KK.[1]  (Id. at ¶¶ 22, 24.)

On March 30, 2009, plaintiff was charged in the Circuit Court for Montgomery County, Missouri, with the Class D Felony of Assault While On School Property, Mo. Rev. Stat. § 565.075.  (Id. at ¶ 26.)  The charge was instigated by the School District, Ward, and co-defendants, despite Ward's knowledge that the charge was wrongful and without probable cause. (Id. at ¶¶ 27-28.)  Some time thereafter,[2] defendants either became aware that the charge against plaintiff was wrongful and without probable cause or should have known that the charge was wrongful and without probable cause.  (Id. at ¶ 29.)

On October 28, 2009, plaintiff was tried in state court on the assault charge and acquitted by the jury.  (Doc. 1 at ¶ 31.)  On January 13, 2010, the School District advised plaintiff, through counsel, that there were "no longer any restrictions on [his] ability to be present on any school property of Montgomery County R-II."  (Id. at ¶ 33.)

Plaintiff alleges that, as a result of the ban, he was denied the ability to participate in his children's education; he suffered damages to his reputation; he lost income; he incurred expenses; and he incurred attorneys' fees.  (Id. at ¶ 34.)  Plaintiff also alleges that he suffered and continues to suffer alienation from the public; lost business and

---

[1]In his complaint, plaintiff does not specifically describe this policy.

[2]In his complaint, plaintiff alleges that defendants "became aware that the charge against [him] was wrongful and without probable cause" or "should have known of such wrongfulness and lack of probable cause" on March 25, 2009.  (Doc. 1 at ¶ 29.)  However, according to plaintiff's complaint, he was not charged until March 30, 2009.  (Id. at ¶ 26.)

prospective advantage; and lost opportunity to participate in his son's education and to attend functions held on school grounds or hosted by the School District. (Id. at ¶ 35.) Plaintiff further alleges that he was denied an opportunity to be heard concerning his grievances, and that defendants were inspired by malice and acted under color of state law in depriving him of his rights secured by the Constitution and state and federal laws. (Id. at ¶¶ 36-37.) After the allegations regarding the general factual context of the claims, plaintiff alleges specific claims in 6 counts.

In Count I, plaintiff alleges that defendants violated his right to participate in his children's public education and learning, as guaranteed by Article 9, § 1(a) of the Missouri Constitution and Mo. Rev. Stat. § 160.051. He alleges that defendants created a hostile environment which supplanted "an environment that fosters full educational benefit and learning and the Plaintiff's ability to partake in the educational process." (Doc. 1 at ¶¶ 38-41.)

In Count II, plaintiff alleges that his due process rights were violated when he was deprived of a property interest (not specifically described), and was not provided with an opportunity for a hearing before the Board of Education, both without due process. (Id. at ¶¶ 42-45.)

In Count III, plaintiff alleges defendants maliciously initiated the prosecution against him, and could have discovered upon reasonable investigation that Ward's allegation of assault while on school property was false. (Id. at ¶¶ 46-49.)

In Count IV, plaintiff alleges defendants defamed him by disseminating allegations that he assaulted Ward while on school property, within the hearing of third parties. (Id. at ¶¶ 50-54.)

In Count V, plaintiff alleges defendants denied him the right to associate with other school parents, visitors, school children, and other entities related to or occurring on School District property. (Id. at ¶¶ 55-56.)

In Count VI, plaintiff alleges a violation of 42 U.S.C. § 1983, in that defendants acted in their individual and official capacities in depriving him of rights secured by the Constitution and state and federal law. (Id. at ¶¶ 57-58.)

## II.  MOTION TO DISMISS

Defendants move to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6).  Defendants argue that plaintiff has no constitutional or statutory right to access School District property.  Defendants also argue that plaintiff has not pleaded sufficient facts, and that they are shielded by sovereign and official immunity.  (Docs. 4-5.)

Plaintiff responds that he has a right to direct and participate in his children's education, and thus has the right to access School District property.  Plaintiff also responds that he has pleaded the necessary legal elements for his claims.  (Doc. 9.)

Defendants reply that although plaintiff has a right to direct the education and upbringing of his children, that right is not implicated by the restriction on plaintiff's access to School District property.  Defendants also reply that plaintiff has only pleaded legal definitions of his claims without supporting facts, and that they are shielded by sovereign and official immunity.  (Doc. 13.)

## III.  MOTION TO DISMISS STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the complaint.  See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555.  Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).

The Federal Rules of Civil Procedure demand only that a complaint present a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  And in this regard, the court must be mindful of Federal Rule of Civil Procedure 84

and its requirement that the attached Forms 10 to 21 be considered as examples of the "simplicity and brevity that [Rule 8] contemplate[s]." Fed. R. Civ. P. 84. See Hamilton v. Palm, 621 F.3d 816, 818 (8th Cir. 2010).

A complaint must be liberally construed in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2006). Moreover, the court must accept the facts alleged as true, even if doubtful. Twombly, 550 U.S. at 555. Thus, a well-pleaded complaint may proceed even if it appears that recovery is very remote or unlikely. Id.; Young, 244 F.3d at 627.

## IV. DISCUSSION

The court has distinguished between the claims of plaintiff that are based on federal law (Counts II, V, and VI) and those based on state law (Counts I, III, and IV).

### A. Claims Arising Under Federal Law
#### 1. Count II

To state a procedural due process claim, a plaintiff must initially demonstrate that he was deprived of a life, liberty, or property interest. Krentz v. Robertson, 228 F.3d 897, 902 (8th Cir. 2000). The plaintiff must then establish that the state deprived him of that interest without sufficient process. Id.

A parent does not have the right to unfettered access to school property. See Porter v. Duval Cty. Sch. Bd., No. 10-11944, 2010 WL 5395641, at *2 (11th Cir. Dec. 30, 2010); Lovern v. Edwards, 190 F.3d 648, 656 (4th Cir. 1999); Mitchell v. Beaumont Indep. Sch. Dist., Civil Action No. 1:05-CV-195, 2006 WL 2092585, at *10 (E.D. Tex. July 25, 2006). Therefore, the School District was not required to conduct a hearing before banning plaintiff from entering School District property. See, e.g., Cwik v. Killon, No. C-1-09-669, 2010 WL 5691404, at *6 (S.D. Ohio Sept. 20, 2010) (procedural due process does not require a school district provide a parent with a hearing before banning them from school property); Mejia v. Holt Pub. Schs., No. 5:01 CV 116, 2002 WL 1492205, at *7 (W.D. Mich. Mar. 12, 2005) (same).

## 2. Count V

"Like freedom of speech, the freedom of association is a basic constitutional freedom that lies at the foundation of a free society." Wingate v. Gage Cty. Sch. Dist., No. 34, 528 F.3d 1074, 1081 (8th Cir. 2008) (internal quotation omitted). The Supreme Court has recognized two forms of rights constitutionally protected by the freedom of association: (1) the freedom to enter into and maintain "certain intimate human relationships;" and (2) the freedom to "engag[e] in those activities protected by the First Amendment - speech, assembly, petition for redress of grievances, and the exercise of religion." City of Dallas v. Stanglin, 490 U.S. 19, 24 (1989).

Plaintiff alleges that the constitutional freedom of association protects his right to associate with "other school parents, visitors, school children, and entities and presentations related to the [School District] or occurring on [School District] property." (Doc. 1 at ¶ 56.)

The right to "intimate association" protected under the First Amendment "is not limited to familial relationships." Beecham v. Henderson Cty., Tennessee, 422 F.3d 372, 375 (6th Cir. 2005). Rather, the right protects relationships characterized by "relative smallness, a high degree of selectivity in decisions to begin and maintain the affiliation, and seclusion from others in critical aspects of the relationship." Id. (quoting Roberts v. United States Jaycees, 468 U.S. 609, 620 (1984)).

Plaintiff has not alleged any concrete relationships, or any relationships with a definite size, degree of selectivity, or seclusion from others, that were burdened by the School District's actions. Nor, as discussed above, does plaintiff have a right to unfettered access of School District property. Therefore, plaintiff's freedom of association was not implicated by the School District's Actions. McCook v. Spriner Sch. Dist., 44 Fed. App'x 896, 910-11 (10th Cir. 2002) (finding parents' argument, that their freedom of association was violated because "they were not allowed to attend [school] [b]oard meetings or go on school property for any school or community event," without merit because the parents "presented no authority establishing a constitutional right to

go onto school property"). See also Meadows v. Lake Travis Indep. Sch. Dist., 397 Fed. App'x 1, 1-2 (5th Cir. 2010) (per curiam) (rejecting parents' argument that their freedom of association was violated by school district visitor policy that denied them access to school property).

   **3. Count VI**

Section 1983 of Title 42, United States Code, creates a cause of action for federal civil rights violations. Crumpley-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). To state a Section 1983 claim, a plaintiff must allege (1) the violation of a right secured by the Constitution and the laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law. 42 U.S.C. § 1983; Roe v. Humke, 128 F.3d 1213, 1215 (8th Cir. 1997).

As previously discussed, plaintiff does not have a right to unfettered access to School District property. See Porter, 2010 WL 5395641, at *2; Lovern, 190 F.3d at 656.

Therefore, because plaintiff has not shown that one of his federal rights has been violated, his Section 1983 claim is without merit. See, e.g., Woodbury v. City of Tampa Police Dept., No. 8:10-CV-772-T-30AEP, 2010 WL 2557677, at *2 (M.D. Fla. June 8, 2010) (finding that the parent "[could not] state a claim for relief under § 1983 . . . because he simply [did] not have a constitutional right to have access to school premises"); Thomas v. Helms Mulliss Wicker PLLC, No. 3:07 CV 52, 2007 WL 1033358, at *2 (W.D.N.C. Apr. 3, 2007) (finding no cause of action existed under 1983 for parent who was banned from school property because "a parent's constitutional rights are not violated if a school bans that parent from school property").

**B. Claims Arising Under State Law: Supplemental Subject Matter Jurisdiction**

Because plaintiff's complaint do not state federal law claims upon which relief can be granted, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. §

1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it had original jurisdiction); Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir. 2000); Franklin v. Zain, 152 F.3d 783, 786 (8th Cir. 1998).

Therefore, Counts II, V, and VI are dismissed without prejudice.

**C. Motion to Supplement**

On March 10, 2011, the court granted defendants' motion for leave to supplement their motion to dismiss to include arguments concerning the Paul D. Coverdell Teacher Protection Act of 2001, 20 U.S.C. §§ 6731, et seq., and the Missouri Supreme Court's recent opinion in Dydell v. Taylor, No. SC 90912, --- S.W.3d ----, 2011 WL 681067 (Mo. Feb. 8, 2011) (en banc). (Doc. 20.) The Coverdell Act and the cited Missouri Supreme Court case deal with the grounds for limiting the civil liability of public school personnel. The court has reviewed the parties' memoranda on this area of the law but has decided that it is unnecessary to apply their arguments to the record before it in order to resolve the motion to dismiss.

### V. CONCLUSION

An appropriate Judgment Order is issued herewith sustaining defendants' motion to dismiss (Doc. 4). The court dismisses Counts II, V, and VI with prejudice and dismisses Counts I, III, and IV without prejudice.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 1, 2011.